IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                               Criminal Action No. 3:08CR267

JAMES WOODY

MEMORANDUM OPINION

James Woody filed this 28 U.S.C. § 2255 Motion seeking relief based upon Johnson v. United States, 135 S. Ct. 2551 (2015). The Government has responded and agrees with Woody that his § 2255 Motion should be granted and that Woody should be resentenced. For the reasons that follow, the § 2255 Motion (ECF No. 23) will be granted.

Woody pled guilty to possession of cocaine base with intent to distribute (Count One) and possession of a firearm by a convicted felon (Count Three). (Plea Agreement ¶ 1, ECF No. 13.) The Court sentenced Woody to 188 months for each count, with the sentences to be served concurrently. (J. 2, ECF No. 20.)

As noted by the Supreme Court,

> Federal law forbids certain people—such as convicted felons, persons committed to mental institutions, and drug users—to ship, possess, and receive firearms. § 922(g). In general, the law punishes violation[s] of this ban by up to 10 years' imprisonment. § 924(a)(2). But if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1).

Johnson, 135 S. Ct. at 2555 (citation omitted). At sentencing, it was determined that Woody had three prior convictions that qualified as serious drug offenses or violent felonies. These charges included: Distribution of Cocaine, Attempted Robbery, and assaulting a law enforcement officer. (Presentence Investigation Report ¶ 36.) Pursuant to the Armed Career Criminal Act and the Armed Career Criminal provision of United States Sentencing Guidelines, the Court sentenced Woody to 188 months of imprisonment on Count One.

The Armed Career Criminal Act ("ACCA") defines a violent felony as: "any crime punishable by imprisonment for a term exceeding one year" and "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or <u>otherwise involves conduct that presents a serious potential risk of physical injury to another</u>." 18 U.S.C. § 924(e)(2)(B) (emphasis added). "The closing words of this definition, italicized above, have come to be known as the Act's residual clause." Johnson, 135 S. Ct. at 2556. In Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act is unconstitutionally vague. Id. at 2557.

The Government acknowledges that, "Woody is entitled to resentencing because his entire sentence was based on the

2

finding that he was an Armed Career Criminal, which he no longer is." (Gov't Resp. 2, ECF No. 36.) The Government concedes that, without the armed career criminal designation, Woody would have "an advisory guideline range of 155 to 188 months, rather than 188 to 235 that originally applied." (Id.)[1] The Government asks that the Court grant the § 2255 Motion and set the matter for resentencing.

In light of the foregoing circumstances, Woody's § 2255 Motion (ECF No. 23) will be granted. The matter will be set for a resentencing.

The Clerk is directed to send a copy of the Memorandum Opinion to Woody.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: August 7, 2017
Richmond, Virginia

---

[1] Woody also asserts that Johnson invalidates his designation as a career offender under the Sentencing Guidelines. "Recently, the Supreme Court concluded that the Guidelines are not subject to a vagueness challenge under the Due Process Clause. . . . [and that] Johnson's vagueness holding does not apply to the residual clause in [USSG] § 4B1.2(a)(2)." United States v. Lee, 855 F.3d 244, 246-47 (4th Cir. 2017) (citation omitted). Thus, Woody's challenge to his designation as a career offender lacks merit.

3